UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

INSURER'S SALVAGE AUCTION, INC.                CIVIL ACTION

v.                                             NO. 11-879

STATE FARM MUTUAL AUTOMOBILE                   SECTION "F"
INSURANCE COMPANY, ET AL

ORDER & REASONS

Before the Court are (1) the plaintiff's motion to remand and (2) State Farm's motion to dismiss individual defendants. Both motions are DENIED.[1]

**Background**

Insurer's Salvage Auction, Inc. ("ISA"), the plaintiff, is a broker of salvaged vehicles and other items, and is located in Saint Rose, Louisiana. Claiming breach of contract based on the violation of an exclusivity provision, negligent misrepresentation, and a violation of Louisiana Unfair Trade Practices Act, ISA sued in state court State Farm Mutual Automobile Insurance Company, an Illinois corporation, along with six State Farm employees who helped facilitate contracts and contract communications between State Farm and ISA. At least five of the six State Farm employees are residents of Louisiana. Despite this, State Farm removed, asserting that the individual defendants were improperly joined and their residency should be ignored. Plaintiff now moves for remand.

---

1 State Farm's motion is moot.

1

**Law & Analysis**

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. & Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989).

For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including complete diversity.[2] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc). Here State Farm urges the Court to disregard the citizenship of the in-state defendants because they were improperly joined. The Fifth Circuit instructs that "[t]he burden of proving

---

2 Section 1332 also requires the amount in controversy exceed $75,000. Here this is not in dispute and, moreover, it is facially apparent this amount is met: plaintiff alleges it lost millions of dollars because of the defendants' actions.

a fraudulent joinder is a heavy one" that is borne by the removing party. Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983). The removing party must show either: "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).[3]

The Fifth Circuit has historically used different phrases in describing the standard for fraudulent joinder. Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same. See Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). In Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

---

3 "[F]raudulent joinder must be proved with particularity and supported by clear and convincing evidence by the removing party." Doe v. Cutter Biological, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (internal quotation omitted). The Court, however, should not pre-try the case. Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990).

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

A full scale evidentiary hearing is improper for determining fraudulent joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." Green, 707 F.2d at 204. "[T]he inability of the court," however, "to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Smallwood, 385 F.3d at 574. Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper joinder. Travis, 326 F.3d at 648.

## II.

### A.

The plaintiff sparely asserts that the individual defendants violated the exclusivity provision located in ISA and State Farm's contract, misled ISA regarding State Farm's compliance with the exclusivity provision, and may or may not have been involved in violating the Louisiana Unfair Trade Practices Act.[4] In opposing

---

4 In its complaint, ISA asserts that it has "a cause of action for breach of contract, misrepresentation and violation of the Louisiana Unfair Trade Practices Act." While ISA later asserts in the complaint that the individual defendants's misled ISA and breached the exclusivity provision, ISA makes no additional statement clarifying who the LUTPA claim is directed at. As such, it remains unclear if the LUTPA claim is alleged solely at State Farm or at all of the defendants.

4

remand, State Farm asserts that the plaintiff fails to show a reasonable possibility that a cause of action for breach of contract, negligent misrepresentation, or a LUTPA violation could be established; that there are no allegations that the individual defendants made guarantees personally binding themselves to the plaintiff; or that the plaintiff believed it was contracting with the individual defendants.  State Farm adds that the individual defendants never misrepresented any position of State Farm or exceeded the scope of their employment.  Finally, State Farm asserts that ISA's LUTPA claim lacks substantive merit and is time-barred.

B.

The Court agrees with State Farm that the individual defendants have been improperly joined. Absent fraud, "[o]fficers, employees, and agents owe no duties to third parties [under Louisiana law], and they cannot be found liable to third parties for their negligent acts and omissions in a commercial context." Cameron Equip. Co., Inc. v. Steward & Stevenson Servs., Inc., 685 So. 2d 696, 700 (La. App. 3 Cir. 1996) (citing Goodwin v. Agrilite of La., 643 So. 2d 249 (La. App. 2 Cir. 1994); Korson v. Independence Mall I, Ltd., 595 So. 2d 1174 (La. App. 5 Cir. 1992)). "A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract."  LA. CIV. CODE ANN. art. 3016 (2010).

5

In its complaint, ISA does not assert fraud nor does it assert that it contracted with the individual defendants or that the individual defendants made personal guarantees to ISA.  Thus, ISA's claim that the individual defendants are liable for salvage vehicles being diverted, in violation of ISA and State Farm's contract, lacks even any minimal support in the pleadings.  At all times, the individual defendants were acting on behalf of State Farm and exclusively in their capacity as employees of State Farm.[5]  Further, ISA fails to establish how the individual defendants' statements regarding State Farm's contract with ISA were misrepresentations.  Any statements regarding a potential breach of exclusivity appeared to be accurate; the individual defendants were only stating State Farm's position on its contract with ISA.  Any detrimental reliance by ISA was based on its contract with State Farm, which the individual defendants merely helped facilitate.  Indeed, ISA asserts in its petition that its decision to purchase additional land and infrastructure was based on State Farm's representations.  Finally, ISA's LUTPA claim lacks any specificity whatsoever and fails to meet any applicable pleading requirements.

---

5 In its Motion to Remand, ISA alleges that the individual defendants exceeded their authority in diverting salvage vehicles and that ISA detrimentally relied on the individual defendants' statements in purchasing infrastructure and property; however, no such allegations were made in ISA's Petition for Damages and are thus not considered by the Court.

Because the Court finds that the individuals were improperly joined, IT IS ORDERED:  The plaintiff's motion to remand is DENIED.  Plaintiff's claims against the individual defendants are hereby DISMISSED.  State Farm's motion to dismiss is therefore DENIED as moot.

New Orleans, Louisiana, June 20, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE