UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INSURER'S SALVAGE AUCTION, INC. | CIVIL ACTION |
| v. | NO. 11-879 |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, ET AL. | SECTION: "F" |

ORDER AND REASONS

Before the Court is State Farm's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

Insurer's Salvage Auction, Inc., the plaintiff, is a broker of salvaged vehicles and is located in Saint Rose, Louisiana. The plaintiff had an arrangement with State Farm, beginning in 1996 and continuing through 2008, whereby plaintiff would warehouse and attempt to sell salvaged vehicles for State Farm in return for compensation. The arrangement was embodied in a series of contracts. Plaintiff asserts that State Farm breached their contract when State Farm delivered salvaged vehicles to plaintiff's competitors after Hurricanes Katrina and Rita in 2005, and Hurricane Gustav in 2008. Plaintiff says that State Farm violated the exclusivity provision in their contract, which obligated State Farm to deliver salvaged vehicles only to plaintiff.

Claiming breach of contract, negligent misrepresentation and

1

a violation of the Louisiana Unfair Trade Practices Act, plaintiff sued State Farm in state court and six State Farm employees.  The case is before the Court pursuant to its diversity jurisdiction.  By Order and Reasons dated June 20, 2011, this Court denied the plaintiff's motion to remand, and dismissed the individual defendants as having been fraudulently joined.

State Farm now moves for summary judgment on the plaintiff's claims.

## II. Analysis

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment

is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

### III. Discussion

The Court grants State Farm's motion for summary judgment because the plain language of the 2004 Agreement between the parties does not make the relationship exclusive.

As the Fifth Circuit has held:

> Under Louisiana law, the interpretation of an unambiguous contract is an issue of law for the court. See Texas E. Transmission Corp. v. Amerada Hess Corp., 145 F.3d 737, 741 (5th Cir. 1998). "When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046 (West 1995). "A contract provision is not ambiguous where

> only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." <u>Texas E. Transmission Corp.</u>, 145 F.3d at 741 (citing <u>Lloyds of London v. Transcontinental Gas Pipe Line Corp.</u>, 101 F.3d 425, 429 (5th Cir. 1996)). In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment.

<u>Amoco Prod. Co. v. Texas Meridian Resources Exploration, Inc.</u>, 180 F.3d 664, 668-669 (5th Cir. 1999).

The parties agree that their 2004 Agreement governs the period that Hurricanes Katrina and Rite struck southeastern Louisiana.  Further, the parties agree on which provisions of the contract are relevant for determining whether the contract was exclusive.  The only dispute, therefore, is over the language.

Although plaintiff urges that the contractual language is ambiguous and therefore creates a genuine issue of material fact that precludes summary judgment, the Court disagrees.  The plain language of the contract is clear, susceptible to only one reasonable interpretation, and unambiguous:

> This Agreement outlines the understanding between State Farm Mutual Automobile Insurance Company, and its subsidiary and affiliated companies (hereinafter "State Farm"), and Insurer's Salvage Auction, Inc. (hereinafter "Processor"), with offices located at 406 Almedia Road, St. Rose, Louisiana, wherein Processor has agreed to offer for sale to qualified salvage buyers, certain salvage vehicles and other salvage

>items that have come into the possession of State Farm in the course of State Farm handling its business.
>
>**Designated Geographic Area.**  This Agreement applies to the geographic area, described as follows: Parishes of Orleans, Jefferson, Plaquemines, St. Bernard, St. Charles, St. John the Baptist, and Terrebonne.  Processor and State Farm agree that salvage vehicles that are physically located within this geographic area are subject to this Agreement.

Nowhere in the provisions that the parties cite do any words indicating exclusivity appear.  Neither does the Court's reading of the language lead to any absurd consequences.  Mindful of the Fifth Circuit's mandate, the Court need not make inquiry into the parties' intent.[1]

Accordingly, IT IS ORDERED: State Farm's motion is GRANTED.

---

[1] This includes Robert Shearman's affidavit, submitted by the plaintiff.  See, e.g., Campbell v. Sonat Offshore Drilling, 979 F.2d 1115, 1127 (5th Cir. 1992) (where a contract is unambiguous, an affidavit that qualifies as parol evidence is inadmissible); Superior Landscape & Maintenance, Inc. v. Chevron Pipe Line Company, No. 06-4639, 2007 U.S. Dist. LEXIS 49385, at * 9 (E.D. La. July 6, 2007) ("Because the policy is not ambiguous, the Court is not obligated to examine extrinsic evidence to ascertain the reasonable expectations of the parties when they entered the contract.").

New Orleans, Louisiana, January 23, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE